635 A.2d 106

STATE OF NEW JERSEY, PLAINTIFF, v.
SHAWN D. FLOYD, DEFENDANT.

Superior Court of New Jersey
Law Division Hudson County

Decided May 6, 1993.

*Joseph J. Talafous,* Jr., Assistant Prosecutor, for the state (*Carmen Messano,* Hudson County Prosecutor, attorney).

*Judith Fallon,* Assistant Deputy Public Defender, for defendant (*Zulima V. Farber,* Public Defender, attorney).

MARGULIES, J.S.C.

This matter came before the court on a bench trial. The three count indictment charged the defendant with (1) possession of a controlled dangerous substance with the intent to distribute it in violation of *N.J.S.A.* 2C:35–5(b)(12); (2) possession within 1,000 feet of school property with intent to distribute in violation of *N.J.S.A.* 2C:35–7 and *N.J.S.A.* 2C:35–5(a)(1); and (3) preventing a law enforcement officer from effecting a lawful arrest by fleeing or

attempting to elude said officer in violation of *N.J.S.A.* 2C:29–2(b). At the trial, the prosecutor joined motor vehicle charges of reckless driving (*N.J.S.A.* 39:4–96), disregard of a police officer's signal (*N.J.S.A.* 39:4–80), and driving on the revoked list (*N.J.S.A.* 39:3–40.)

■ A novel issue arose because of the joinder of the indictable charges with the motor vehicle charges. The issue was whether under such circumstances the charges merge because the motor vehicle offenses may be lesser included offenses of those in the indictment.

The court found at the trial beyond a reasonable doubt that on February 25, 1992, the defendant operated a 1992 blue Eldorado Cadillac. The defendant fled after a police officer approached him on a public street and signaled the defendant to turn off the engine and get out of the car. The defendant eluded the police by backing down a one-way street at an excessive rate of speed on a dark, rainy night. He closely avoided colliding with a parked car occupied by a small child and closely avoided striking the child's mother who was outside of the car, thereby creating a risk of injury to them. Shortly thereafter, the police found the car abandoned in the vicinity. The officers found a bag of marijuana on the driver's seat.

This court found the defendant guilty of preventing a law enforcement officer from effecting a lawful arrest by fleeing or attempting to elude police, violating *N.J.S.A.* 2C:29–2(b), a fourth degree offense. The court concluded that this finding encompassed the lesser included offense of reckless driving (*N.J.S.A.* 39:4–96). The provisions of *N.J.S.A.* 39:4–80 (disregarding a police officer's signal) did not apply and the defendant was found not guilty of that offense because the officer was not "stationed in a highway for the purpose of directing traffic," but was in pursuit of the fleeing defendant. The court also found the defendant guilty of driving while on the revoked list, in violation of *N.J.S.A.* 39:3–40.

■ There was a reasonable doubt, a very genuine doubt, whether the defendant possessed the marijuana that the officers found in the abandoned car. Although there is probable cause to believe that he possessed the marijuana, there was a paucity of direct evidence and insufficient circumstantial evidence to support a conviction on the possession count. Another passenger in the car fled the scene when the car was abandoned. The inference that the passenger had possession was as probable as the inference that the defendant had possession or that they had joint possession.

Flight might have provided sufficient indicia of the defendant's consciousness of guilt of possessing the marijuana if he were the sole occupant of the car, but this inference applied equally to guilt of possession of a stolen motor vehicle. (It was established at the trial that the vehicle was stolen, but no stolen vehicle charge was brought against this defendant in the indictment.)

In *State v. Muniz*, 118 *N.J.* 319, 571 *A.*2d 948 (1990), Justice Handler reviewed the interrelationship of the Motor Vehicle Act and indictable offenses in instances where the litigation is before a jury. The very rationale of *Muniz* leads to the conclusion that where the Prosecutor has joined those offenses and where they are tried without a jury, the concept of the lesser included offense is rationally applicable and constitutes good social policy. Joinder avoids duplication of effort, the risk of inconsistent results and double jeopardy problems. Moreover, it is more economical to hold a single trial. *N.J.S.A.* 2C:29–2(b) bolsters the court's conclusion interrelating the Motor Vehicle Act and the Criminal Code. *N.J.S.A.* 2C:29–2(b) makes specific reference within its body to the violation of Chapter 4, Title 39 of the revised statutes and as part of the penalty, includes license revocation. The interrelationship between the motor vehicle provisions and the code section is expressed rather than implied. Therefore, because of the differing context in which the action at bar arose from that in *Muniz*, this court reached a conclusion contrary to the conclusion in *Muniz* yet still consistent with that Supreme Court holding.

Sentencing will take place on June 4, 1993.